THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL L. CLEMONS, Defendant-Appellant.

Third District    No. 75-225

Opinion filed February 28, 1977.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Charles R. Zalar, State's Attorney, of Morris (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a jury trial, defendant, Michael Clemons, was found guilty of two counts of possession of controlled substances. He was sentenced by the circuit court of Grundy County to concurrent terms of from one to three years in the penitentiary.

On March 22, 1974, the defendant and Michael Potier were traveling south on U.S. Highway 66 in Grundy County. State Trooper Dodwell was traveling north on the northbound lanes of the same highway when he saw the defendant's car traveling in the opposite direction. Suspecting the defendant's vehicle was exceeding the speed limit, Dodwell crossed the median strip in order to pursue the defendant's vehicle. After following the vehicle for approximately eight miles, Dodwell determined the vehicle was going 60 miles per hour in a 55-mile-per-hour zone at which point he stopped the defendant's car. After being stopped, the defendant entered Dodwell's squad car where his identification was requested. In taking his identification from his shirt pocket, the defendant dislodged a foil-covered packet containing a powdered substance. Suspecting the substance to be contraband, the defendant and Potier were arrested and searched. As a consequence of the search, defendant and Potier were thereafter charged with possession of heroin, cocaine, PCP and cannabis. The jury found Clemons guilty of possession of two of the substances, but the jury was unable to agree on the charges of possession of the other two substances.

Defendant filed numerous pretrial motions, but the only motion with which we are concerned on this appeal is his motion for the suppression of the evidence, namely the controlled substances. The motion alleged that Officer Dodwell lacked probable cause to make the initial arrest which resulted in Dodwell's discovery of the contraband. According to the motion, the drug evidence should be suppressed as a result of the initial illegality. According to defendant, he was stopped because he was black and not because he was speeding. It follows the officer lacked justifiable probable cause for the arrest. The trial court denied the suppression motion and it is this ruling which is the basis of this appeal. It should be noted in passing that according to the briefs, the defendant was tried in a collateral action on the speeding charge. This trial before the court without a jury resulted in a finding that the defendant was not guilty of the speeding charge. In such action, the trial judge did make a finding that there was probable cause for making the initial arrest.

Defendant argues his suppression motion should have been allowed

because the challenged evidence was the fruit of an arrest precipitated by the arresting officer's discriminatory enforcement of a penal statute.

At the hearing on his suppression motion, the defendant presented the testimony of two witnesses. The first, the sheriff of Grundy County, testified that during the period of the previous 10 months Officer Dodwell had registered 29 arrestees at the county jail of which persons 24 were black. The second witness was David Stapleton, a black person, who testified that Officer Dodwell had approached him while he was repairing a tire along Route 66 and after a few perfunctory questions, Dodwell searched him and discovered contraband. Stapleton later pleaded guilty to the charges brought against him, but it was his testimony that Dodwell had no reason for searching him.

Officer Dodwell testified that he only brought persons to the Grundy County jail who were either wanted for offenses by other authorities or who were unable to make bond. He denied that he had arrested the defendant because he was black or that he discriminated against black persons in the enforcement of traffic laws.

In support of the trial court's action, the People have initially argued that defendant did not raise in the trial court the equal protection argument which he is asserting on this appeal and further, that there have been no Illinois decisions indicating that an arrest may be illegal on account of violation of the equal protection clauses of the Federal and State constitutions. Without deciding whether or not arrests may be held invalid on account of violations of the equal protection clause, we believe the court was correct in its ruling on the suppression motion.

■■ Although the suppression motion and argument were couched in terms of absence of probable cause, the gist of defendant's argument was that he was arrested because he was black and not because he was speeding. The burden of proving that an arrest is illegal is upon the defendant (*Snowden v. Hughes*, 321 U.S. 1, 88 L. Ed. 497, 64 S. Ct. 397), and in our opinion the trial court was correct in holding the defendant had not sustained his burden.

■■■ Concededly, a police officer may exercise his discretion in the selective enforcement of a penal statute and the fact that the officer had such discretion and exercised it does not render such action improper. (See *Oyler v. Boles*, 368 U.S. 448, 7 L. Ed. 2d 446, 82 S. Ct. 501.) If the selective enforcement used the race of a person as the criteria for making arrests, we have no doubt that such practice would and should be condemned. The evidence does not establish this manner of selective or discriminatory enforcement in this case. The fact that a higher percentage of black arrestees than white arrestees was brought to the Grundy County jail furnishes no basis for inferring that Dodwell stopped a higher

proportion of blacks than whites on the highway. Obviously the traffic arrests which Dodwell made during the 10-month period represented many many times the number of persons actually brought to the Grundy County jail. Yet, there is no evidence regarding Dodwell's record of arrests or stops where the arrestees were not brought to the Grundy County jail. Nor is there evidence that Dodwell stopped and arrested blacks under circumstances where he did not do so when the persons were white.

Defendant has directed our attention to a number of cases including such cases as *Yick Wo v. Hopkins*, 118 U.S. 356, 30 L. Ed. 220, 6 S. Ct. 1064; *United States v. Crowthers* (4th Cir. 1972), 456 F.2d 1074; *United States v. Steele* (9th Cir. 1972), 461 F.2d 1148, and *United States v. Berrios* (2nd Cir. 1974), 501 F.2d 1207. We have reviewed the cases relied upon by the defendant, but we do not find that they offer any support for the defendant's claim in this case that he has proved discriminatory enforcement of the motor vehicle laws based on race.

For the foregoing reasons the judgment of the circuit court of Grundy County is affirmed.

Judgment affirmed.

ALLOY, P. J., and STENGEL, J., concur.